## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

KAYLA ASHLEY WALKER,

     Plaintiff,

-vs-                     CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and HYUNDAI MOTOR AMERICA
CORPORATION d/b/a HYUNDAI
MOTOR FINANCE,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KAYLA ASHLEY WALKER (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and HYUNDAI MOTOR AMERICA CORPORATION d/b/a HYUNDAI MOTOR FINANCE (hereinafter "Hyundai") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Palm Beach County, Florida, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Hyundai is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Hyundai is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     Hyundai furnished information about Plaintiff to Equifax and Experian that was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff is a natural person who is alleged to owe a debt to Hyundai, partial account number ending x6065, as to an auto loan (hereinafter "Hyundai Account"). Plaintiff does not have an account with Hyundai and never applied or gave permission to anyone to apply using her information for the Hyundai Account.

20.     On or about January 14, 2024, Plaintiff noticed an unexpected reduction in her credit score, and upon review, Plaintiff observed the erroneous Hyundai Account was reported to her credit file.

21.     Shortly thereafter, Plaintiff contacted Hyundai and learned the account was opened by someone with a similar name.

22.     Plaintiff further learned the Hyundai Account was opened in Birmingham, Alabama. Plaintiff lives and attends school in Florida.

23.     On that same day, Plaintiff filed a police report with the Palm Beach County Sheriff's Office regarding the identity theft and fraudulent Hyundai Account.

24.     Also on January 14, 2024, Plaintiff contacted the CRAs, including Equifax and Experian, to dispute the erroneous Hyundai Account via telephonic dispute.

25.     Plaintiff did not receive dispute results from Experian. However, on or about January 19, 2024, Plaintiff reviewed her Experian credit report and observed the Hyundai Account was still reported with a balance of $35,533 and comment which stated, "This item remains unchanged from our processing of your dispute in Jan 2024".

26.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

27.     Experian never attempted to contact Plaintiff during the alleged investigation.

28.     Upon information and belief, Experian notified Hyundai of Plaintiff's dispute. However, Hyundai failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

29.     Plaintiff did not receive dispute results from Equifax. However, on or about January 19, 2024, Plaintiff reviewed her Equifax credit report and observed the Hyundai Account was still reported with a balance of $35,533 and a comment which indicated the Hyundai Account was previously disputed.

30.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

31.     Equifax never attempted to contact Plaintiff during the alleged investigation.

32.     Upon information and belief, Equifax notified Hyundai of Plaintiff's dispute. However, Hyundai failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

33.     Shortly thereafter, on or about January 22, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 16888344463. In this Report, she explained that she was a victim of identity theft.

34.     Due to the continued inaccurate reporting, on or about January 30, 2024, Plaintiff mailed a detailed dispute letter to Equifax and Experian regarding the inaccurate reporting. Plaintiff explained they were reporting an Alabama address and several hard inquiries which did not belong to her. Further, Plaintiff explained the Hyundai Account was fraudulently opened and did not belong to her. In this letter, Plaintiff included images of her driver's license and Social Security card as proof of identity. Further, Plaintiff included images of the erroneous reporting, a copy of the police report filed with the Palm Beach County Sheriff's Office, and a copy of the FTC Identity Theft Report, number 16888344463.

35.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1276 1904 61) and Experian (9589 0710 5270 0786 3463 20).

36.     On or about February 7, 2024, Experian responded by stating it deleted the Alabama address and five (5) inquiries. Experian did not provide dispute results as to the Hyundai Account.

37.     On or about February 13, 2024, Experian further responded by stating it was declining Plaintiff's request for information in her credit report to be blocked due to identity theft. Again, Experian did not provide dispute results as to the Hyundai Account.

38.      Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

39.     Experian never attempted to contact Plaintiff during the alleged investigation.

40.     Upon information and belief, Experian notified Hyundai of Plaintiff's dispute. However, Hyundai failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

41.     On or about February 12, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating it had deleted the incorrect address and the Hyundai Account.

42.     On or about March 11, 2024, Plaintiff obtained copies of her Equifax and Experian credit reports. To her relief, the Hyundai Account was no longer appearing on her Equifax and Experian credit reports.

43.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii.    Loss of time attempting to cure the error;

  iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

  iv.    Reduction in credit score; and

   v.    Apprehensiveness to apply for credit due to the fear of rejection.

**CAUSES OF ACTION**

**COUNT I**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

44.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

45.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

46.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

47.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

48.     The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

49.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

50.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

51.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

53.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

54.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

55.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

56.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

57.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving

notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

58.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

59.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

60.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

61.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT IV**</u>
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

62.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

63.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

64.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

65.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

67.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

68.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

69.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

70.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

71.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Palm Beach County Sheriff's Office and FTC Identity Theft Report, which contained sworn testimony of the fraud.

72.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

73.    The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

74.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT VI</u>**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

76.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

77.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

78.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Palm Beach County Sheriff's Office and FTC Identity Theft Report, which contained sworn testimony of the fraud.

79.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

80.     The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

81.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

82.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

83.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

84.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

85.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

87.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

88.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) above as if fully stated herein.

89.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

90.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

91.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

92.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

93.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT IX</u>
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Hyundai Motor America Corporation
### d/b/a Hyundai Motor Finance (Negligent)

94.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-three (43) as if fully stated herein.

95.    Hyundai furnished inaccurate account information to Equifax and Experian, and through the CRAs to all of Plaintiff's potential lenders.

96.    After receiving Plaintiff's disputes, Hyundai violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

97.    Plaintiff provided all the relevant information and documents necessary for Hyundai to have identified that the account was fraudulent.

98.    Hyundai did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Hyundai by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

99.     Hyundai violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

100.    As a direct result of this conduct, action and/or inaction of Hyundai, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

101.    The conduct, action, and inaction of Hyundai was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

102.    Plaintiff is entitled to recover costs and attorney's fees from Hyundai in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual damages against Defendant, HYUNDAI MOTOR AMERICA CORPORATION d/b/a HYUNDAI MOTOR FINANCE, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Hyundai Motor America Corporation
### d/b/a Hyundai Motor Finance (Willful)

103.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) as if fully stated herein.

104.    Hyundai furnished inaccurate account information to Equifax and Experian, and through the CRAs to all of Plaintiff's potential lenders.

105.    After receiving Plaintiff's disputes, Hyundai violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

106.    Plaintiff provided all the relevant information and documents necessary for Hyundai to have identified that the account was fraudulent.

107.    Hyundai did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Hyundai by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

108.   Hyundai violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

109.   As a direct result of this conduct, action and/or inaction of Hyundai, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and inaction of Hyundai was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

111.   Plaintiff is entitled to recover costs and attorney's fees from Hyundai in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, HYUNDAI MOTOR AMERICA CORPORATION d/b/a HYUNDAI MOTOR FINANCE, jointly and severally; award Plaintiff her attorneys' fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAYLA ASHLEY WALKER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and HYUNDAI MOTOR AMERICA CORPORATION d/b/a HYUNDAI MOTOR FINANCE, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of March 2024.

Respectfully Submitted,

_**/s/ Frank H. Kerney, III, Esq.**_
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

26

Lisa@TheConsumerLawyers.com

**_/s/ Octavio Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
*Attorney for Plaintiff*